ANNA NELDEBERG ET AL., APPELLEES, V. CITY OF OMAHA, APPELLANT.

FILED MARCH 10, 1933. No. 28415.

Fred A. Wright, Harry B. Fleharty, Thomas J. O'Brien and Bernard J. Boyle, for appellant.

Crofoot, Fraser, Connolly & Stryker, contra.

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Paine, JJ.

Per Curiam.

The city of Omaha appeals from a judgment awarding damages for about 45 acres condemned for an aerial landing field appropriated as an addition to the Omaha Municipal Airport in East Omaha. The appraisers' report, approved by the city council, awarded the plaintiff $17,310. On appeal the jury awarded $32,500 and judgment was for that amount.

Both parties state that the only issue raised by the pleadings is the market value at the time of the appropriation on April 14, 1931. The city claims the verdict was excessive. There was great divergence in the testimony of the witnesses for the respective sides as to value. It was peculiarly the province of the jury to decide, in the light of all the evidence, which witnesses they would follow on this subject.

The court instructed the jury in substance that the fair market value of real estate is that cash consideration which one desiring to purchase would be willing to pay to the owner who is willing but not compelled to sell. The appellant does not complain of the instruction, which certainly was not unfavorable to it. 38 C. J. 1260-1266. But the appellant assigns error because the court refused to give the only instruction requested by defendant, to the effect that, where a large tract of land is subdivided into lots for the purpose of placing it on the market, the price for which one lot would sell, multiplied by the number of lots, is no criterion of the value of the large tract, because the length of time necessary to dispose of the

lots and the expense of selling them must be taken into consideration. Appellant states that this requested instruction accurately reflected the testimony of J. A. Nickerson, a witness for plaintiffs. This witness qualified as a practical expert in real estate matters, particularly in East Omaha. His company had sold about 2,000 acres there. He had handled a great many sales there for individual owners. His company had subdivided land, not as owners, but for clients, and had sold these lots and had sold larger tracts, on a commission basis. He had sold a tract of two acres adjoining the airport for $750 an acre. He testified, without objection, that the Neldeberg tract was worth $750 an acre as a tract and that he would not subdivide it. In fixing the value of the tract he said he not only took into consideration the sales he had made but everything else—"what the land could be adapted for, its present use for garden land, factory sites, for airplane use, and other uses that that land could be used for; it isn't restricted to one, two or three uses." The evidence showed it was used by Mr. Neldeberg for a farm and dairy of 104 cows, employing five men most of the time, sometimes six. Thus it will be seen that the requested instruction did not accurately reflect the testimony of Mr. Nickerson. We think the appellant was not prejudiced by the refusal of the court to give the instruction requested by it.

The appellant assigns error because the court overruled its motion to strike "all of the answers of the witness (Nickerson) as to the value of the surrounding real estate, for the reason that it is not a proper test of the value of real estate. * * * The selling price is not a proper element to determine the value of land." Even on appellant's apparent theory that the selling price of other lands in the vicinity may not be considered, yet the motion is too general when it asks to strike all the answers of the witness relating to values of surrounding land. It is necessary to refer only to the instance of the two acres which the witness testified he had sold for

$750 an acre. The court did not err in overruling the motion.

There are other minor specifications of error which we do not find to have prejudiced the defendant. The judgment of the district court is

AFFIRMED.